United States District Court for the
Western District of Wisconsin

Jeremy T. Greene, Plaintiff,
vs.
Kevin A. Carr, WI DOC, et al.,
Defendants.

Case No. 20-cv-119-wmc

## Plaintiff's Declaration in Support of Plaintiff's Motion for a Temporary Restraining Order

¶1. I, Jeremy T. Greene, am currently incarcerated at the Waupun Correctional Institution, located at 200 S. Madison St., 396 S. Drummond St., Waupun, WI 53963.

¶2. I, Jeremy T. Greene, make this Declaration based on my own personal knowledge, information and belief.

¶3. I, Jeremy T. Greene, was incarcerated at the Wisconsin Secure Program Facility from February 2017-March of 2019. While at the facility ("WSPF") I utilized the Wisconsin Department of Corrections ("WDOC") Education Network ("EdNet") to utilize the Microsoft Word® program to draft, create, and save legal research, working documents and drafts of documents needed for the details, facts and law therein pertaining to a civil rights action regarding conditions of confinement and a collateral attack of my criminal conviction of Case No. 01-CF-3901 State of Wisconsin v. Greene, which I sought to file in federal and state court respectively. The Microsoft Word® account is a managed account, thus is monitored and many functions of program are restricted. In early March of 2019, I was awakened in the early morning hours and told I was being transferred to the Waupun Correctional Institution ("WCI") without notice.

¶4. I, Jeremy T. Greene, utilized the EdNet to create legal documents via the Microsoft Word® program that was made available for all prisoners to utilize for legal work while working as a law-library clerk at the Columbia Correctional Institution ("CCI") in 2014.

¶5. I, Jeremy T. Greene, transferred to Fox Lake Correctional Institution ("FLCI") from CCI in 2014. Fox Lake (FLCI) utilized Microsoft Word® for prisoners to create legal work, but utilized CD-ROM to save prisoner legal documents rather than saving onto EdNet Managed accounts. Upon requesting copies of legal work created while at CCI, FLCI Education Director, Chris Eplett, directed a teacher, Mr. Spanbauer, to provide me 1 (one) supervised hour to retrieve the needed legal documents, which pertained to State ex rel. Greene v. Raemisch, 09-CV-263/09-AP-2517, 2010 WI App 145, 330 Wis.2d 98, 791 N.W.2d 405, and State ex rel. Greene v. Bett__, 12-CV-3041.

(1)

¶6. I, Jeremy T. Greene, was transferred from the ECI to the WSPF in February of 2017. WSPF utilizes EdNet accounts of Microsoft Word® that are monitored and managed to allow prisoners to create legal work. WSPF law-librarian, Catherine Broadbent, provided me with access to my EdNet account shortly after arriving and all of my data created in 2012, while at CCI, was saved on my account. Such accounts are not erased while prisoners remain within WIDOC due to reliance thereon as an inter/intra-institutional computer education system network.

¶7. I, Jeremy T. Greene, was made aware via working as a law-library clerk at CCI in 2012 that officials may save large amounts of data/legal work onto a thumb-drive rather than a CD or EdNet, as my former employer, Ms. Lynn Hawthorne, librarian, needed to utilize a thumb-drive during computer malfunction.

¶8. I, Jeremy T. Greene, suffer from very poor eyesight. I have an RX of -4.50 (left eye) and -4.00 (right eye). I must wear glasses to read and write anything further than 6-7 inches from my face. Wearing prescription eyeglasses with such an RX contributes to eye strain and headaches. Being required to write with a light-grey, soft-lead, flexible, rubber pencil is impossible without glasses and also contributes to eye strain and headaches. While writing with such a pencil, I must sit extra close to paper and grip pencil extraordinarily hard to write, which results in finger/hand cramps, pain, while contributing to neck/back pain. I have endured these conditions while in WCI's restrictive status housing for previous collective 8 (eight) months.

¶9. I, Jeremy T. Greene, was on cell confinement on a Transition Unit in the North cellhall of WCI in June of 2019. I was provided my personal typewriter, a Brother® sx-4000, and typed and filed a 6 page Motion for Sentence Credit and a 37 page Joint Motion for Sentence Modification/Adjustment in the Dane County Circuit Court for State v. Greene (Case No. 01-CF-240) pursuant to Wis. Stat., §§ 973.155(6), 973.19(1) and 973.195(1r)(A)(1), (3), (5) and State v. Stenklyft, 2005 WI 71, ¶61, 281 Wis.2d 484. I was not able to utilize the information stored in my EdNet Account. Judge Nicholas J. McNamara denied the Motion due to "insufficient" information. I have appealed to the WI Court of Appeals, Appeal No. 19-AP-1441-CR. Despite asking every official in the chain-of-command, WSPF/WCI officials would not allow me to retrieve needed legal documents from EdNet, utilize a pen insert typewriter or Microsoft Word® nor timely reply to my requests therefore and as a result I could not timely file a brief that adheres to Wis. Stat., §§ 809.19(8)(b)(1)(4) by November 23, 2019 filing deadline. I now have a March 30, 2020 filing deadline.

¶10. I, Jeremy T. Greene, am aware that WCI general population prisoners are provided use of a CD to save Microsoft Word® documents for legal work. I own a typewriter, can type

(2)

over 40 words a minute. I used a typewriter to create the documents that relate to the current pending appeal that I am attempting to maintain. see Declaration, p.2: ¶9. All appellate documents have been in pencil, but Wis. Stat., 809.19(8)(b)(1),(4) does not permit grey, un-clean, carbon copies of un-bound documents. The requirements for appellate briefs in the WI Court of Appeals necessitates the use of a typewriter or Microsoft Word® to prepare and bind said briefs.

¶11 I, Jeremy T. Greene, was told by WCI Restrictive Housing Unit Program Assistant, "Ms. Kroll", that prisoners are not allowed typewriter access or Microsoft Word® disk usage. The Unit currently has an Electronic Institution Law Library Station (EILLS), as defined by DAI (Division of Adult Institutions) Policy #309.15.01 (4)(B)(New Eff.Date: 9/11/09), on each of the three (3) wings of the unit, located in a secured room, containing a camera. Each EILLS contains a computer containing WestLaw® program with limited contents and other state and federal court websites. The EILLS contains a keyboard and mouse secured to the stations. Prisoners sit on a metal stool while shackled to a hitching ring, connected to the EILLS, which is bolted to the floor. With slight modification officials could utilize a disk or thumb-drive in lieu of managed Microsoft Word® account. The unit also has a computer placed in a room adjoining a prisoner booth with a mouse in the booth and a set of speakers bolted down. The computer contains Microsoft Word® is easily accessible to officials to utilize a CD/thumb-drive/managed account and could be used by a prisoner in booth via secured keyboard.

¶12 I, Jeremy T. Greene, was not able to file a brief in the case State v. Greene, Appeal No. 19-AP-1662-CR (by the new brief filing deadline of January 23, 2020) that comported with the state brief filing requirements of §809.19(8)(b)(1),(4), so I filed a second motion to enlarge the time to file the brief on the grounds I still lacked the needed tools and workload. On January 29, 2020 the WI Court of Appeals granted an extension until March 30, 2020 based on determination that good cause was shown.

¶13 I, Jeremy T. Greene, attempted to e-file a "Motion to File an Amended Complaint" (4 pages) and a "First Amended Complaint" (28 pages) regarding Case No. 18-CV-116, Greene v. Tesliw, in the U.S. District Court for the Western District of Wisconsin, on January 29, 2020. The documents were completed in grey, soft-lead, pencil provided to prisoners in WCI Restrictive Housing Unit. On January 29, 2020 the court notified me that the documents

(3)

- Plaintiff's Declaration in Support of
Plaintiff's Motion for a Temporary Restraining order-

scanned were too faint and mostly illegible, thus I
needed to send the court an original hard copy.

Signed and sworn to under the penalty of
perjury, pursuant to 28 USC §1726, on this 8th
day of 2020.

_____
Pro Se - Citizen - prisoner-
Informa Pauperis - plaintiff-
Declarant

(4)